397 P.2d 295

**Marvin PETERSEN and Beverly Petersen, his wife, Plaintiffs and Respondents,**

**v.**

**Voyl MECHAM, Defendant and Appellant.**

**No. 10113.**

Supreme Court of Utah.

Dec. 9, 1964.

Tuft, Marshall & Dibble, J. Reed Tuft, George Smith Dibble, Jr., Salt Lake City, for appellant.

W. W. Kirton, Jr., Salt Lake City, for respondents.

WADE, Justice.

 This is an action for rescission of a contract on the grounds of fraud and deceit brought by Marvin and Beverly Petersen, respondents herein, against Voyl Mecham, defendant below and appellant herein, and for the cancellation of a deed and the reconveyance of certain real property given as consideration for this contract. This appeal is from the judgment of the court in favor of the Petersens.

The fraud and deceit relied upon by Petersens, the plaintiffs, for the rescission of the contract was the representation for the purpose of inducing them to buy a portion of Mecham's equity in an executory contract of sale of a motel that it had netted Mecham an income of approximately $3,000 per month during the period of time the motel was operated for him, and that such representation was false; that had the Petersens known that such representation was false they would not have entered into the contract with Mecham.

The court found that Mecham, for the purpose of inducing the Petersens to enter into their agreement with him, had falsely, with intent to deceive them, represented that the motel had made an average income of $3,000 per month during the time he had operated it; that this was a ma-terial representation upon which the Petersens had a right to rely and did rely upon it.

Appellant argues that the court erred in finding that he made any misrepresentations to the Petersens as to the earnings of the motel because the evidence is uncontroverted that appellant had never talked to the Petersens until after the contract had been signed by them.

The record discloses that the Petersens and Mecham at the times material herein had listed with the Duffin Realty Company their respective properties for sale. The Petersens' property was a ranch in Wyoming, and Mecham's was a motel located in Arco, Idaho. Mr. Mecham, for the purpose of facilitating the sale of his interest in the motel, furnished the Duffin Realty Company with a record of the motel's operating expenses and income for the time it was in his possession, a period of about five or six months. According to the testimony of Mr. Van Tassell, a salesman for the Duffin Realty Company, this record showed that Mecham had netted on the average an income of $3,000 per month for this period. Mr. Mecham denied furnishing the Duffin Realty Company with such a record or any records other than those introduced at the trial of this case, which showed that the net income was considerably less than approximately $3,000 per month. However, there was testimony

by prospects whom Mr. Van Tassell had tried to interest in purchasing the motel that Mr. Mecham, for the purpose of inducing them to buy the motel, had represented that it had netted him $3,000 per month since he had acquired it.

Mr. Van Tassell was able to effectuate a sale of the motel to a Mrs. Beebe by representing that the motel had earned on the average of $3,000 per month, showing her the records left by Mr. Mecham to prove it, and convincing her that it was a good deal for that reason. Mr. Van Tassell also showed the record to Mr. Petersen to induce him to accept an offer by Mr. Mecham to buy the Petersen ranch in exchange for about a ⅔ interest in an executory real estate contract in which Mr. Mecham was selling his interest in the motel. The Petersens valued the ranch at $30,000. Mr. Mecham valued his total equity in the contract at approximately $46,000. Mr. Van Tassell was able to effectuate this exchange by the representation that Mrs. Beebe, who was purchasing Mr. Mecham's interest in the motel, was a competent, honest woman, and by the false representation that the motel's earnings had averaged $3,000 per month during Mr. Mecham's possession, for which last representation he offered as proof the record left with the Duffin Realty Company for that purpose. It was this last representation which, if true, would be a substantial factor in the likelihood of Mrs. Beebe performing the conditions of her contract with Mr. Mecham, that was the inducing cause for the Petersens, on December 20, 1962, to enter into their contract to buy about 60 per cent of Mr. Mecham's interest in the contract of sale with Mrs. Beebe. The consideration for the sale of Mr. Mecham's interest in this contract was the conveyance of the Petersen ranch at a valuation of $27,000.

Mrs. Beebe took possession of the motel the first week in January, 1963, and moved out the first part of March, 1963, without making any payments due on her contract of purchase from Mr. Mecham. She failed to make the payments, because during that time the motel's returns were insufficient to meet expenses.

Upon learning of the falsity of the representation of the earnings of the motel during the time it was in the possession of Mr. Mecham, the Petersens brought this action to rescind their contract with Mr. Mecham and for cancellation of their deed by which they had conveyed their ranch to Mr. Mecham.

It is clear the court did not err under the circumstances disclosed in this case in finding that Mr. Mecham, for the purpose of inducing the Petersens to enter into their agreement with him had falsely and with intent to deceive them represented that during the time he operated the motel his net income therefrom averaged $3,000 per

month; that this was a material representation upon which the Petersens had a right to and did rely. True, Mr. Mecham did not personally make the representation to the Petersens, but there is substantial evidence he did make such representation to his agent for the purpose of having that agent make the representation to the Petersens. In view of the fact that Mecham furnished the information to the Realty Company, he is responsible therefore the same as if he had personally made such representation to the Petersens.

■ Appellant contends further that the court should not have granted rescission because at the time of trial they were unable to return any interest they may have acquired in their contract with him because they had failed to prevent the foreclosure of appellant's interest in the motel for non-payment. The pretrial order in this case discloses that both Mecham and Petersens agreed that both parties to this action had lost all of their equity in the motel since the commencement of this action. At the time the Petersens started this action for rescission their equity had not yet been lost by foreclosure, and when the Petersens made the offer to return whatever equity they had received when they started the action, they were in a position to return it. The fact that Mecham refused to accept such offer before losing his entire equity in the motel could in no way be ascribed to any fault of the Petersens. They, having a right to rescind on account of fraud and having offered to give back all that they have received, have done all that equity requires of them under the circumstances of this case.

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH and CROCKETT, JJ., concur.

CALLISTER, J., not participating.